# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

GREGORY S. KUNIS, )
a/k/a DARRYL G. TOLER )
                 Petitioner, )
)
v. )    Case No. CIV-18-130-R
)
JOE M. ALLBAUGH, Director, )
Department of Corrections, )
                 Respondent. )

## ORDER

Petitioner challenges his state conviction following a guilty plea in the District Court of Beckham County, Oklahoma on a charge of Lewd or Indecent Proposals to a Child Under 16.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On September 6, 2018, Judge Purcell issued a Second Supplemental Report and Recommendation wherein he recommended that the Petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review the Court finds as follows.[2]

---

[1] Petitioner objects to Judge Purcell's use of the entire title of the statute under which he was convicted, Okla. Stat. tit. 21 § 1123(A)(1), "Lewd or Indecent Proposals or Acts to Child Under 16." Petitioner is correct that his conviction was based on alleged lewd or indecent proposals, not acts. However, it is not error for Judge Purcell to use the entire title of the relevant statute in the Report and Recommendation.

[2] Throughout his filings Petitioner attempts to incorporate by reference filings in a prior filing in this Court and in filings before the Oklahoma Court of Criminal Appeals. The State requested that the Court not consider those cross-references and incorporations. (Doc.No. 24, p. 1. n. 1). The Supplemental Report and Recommendation does not

Petitioner pled guilty to a single count of violating Okla. Stat. tit. 21 § 1123(A)(I), making a lewd or indecent proposal to a child under 16 and was sentenced to twenty-five years imprisonment.³ After his June 4, 2014 sentencing, Petitioner sought to withdraw his guilty plea. Counsel raised a single issue in the Motion to Withdraw, that he was unaware until the day of sentencing that he would be ineligible for a suspended sentence.⁴ The District Court of Beckham County denied his request to withdraw the plea but purported to modify his sentence from twenty-five years imprisonment to twenty-five years imprisonment with all but the first ten suspended. Thereafter Petitioner sought a writ of certiorari, the procedure for appealing from a guilty plea, from the Oklahoma Court of Criminal Appeals, which denied his request for relief on July 31, 2015. He raised three issues, that the trial court erred in not allowing him to withdraw his plea, which was not knowing and voluntary because the facts pled in the information did not constitute a crime under Okla. Stat. tit. 21 § 1123(A)(1), that he was denied the effective assistance of counsel at the plea withdrawal hearing because counsel failed to include the issue regarding the insufficient factual basis for the plea. The final issue on direct appeal was modification of the judgment and sentence, which Petitioner argued should be done to reflect the July 10,

---

indicate whether such filings were considered by Magistrate Judge Purcell in crafting his recommendation. The undersigned has considered the cross-references. The Court refers to the pages of Petitioner's filings using his numbering system, uncertain whether Petitioner has a copy bearing the Court's internal page numbering system.

³ The plea was entered after a jury was empaneled and sworn, but apparently before any testimony was offered by the State. Although the document executed by Petitioner and the State indicates it is a plea agreement, the court, in accepting the plea, made Petitioner aware that because he waited until after the jury was empaneled to change his plea, that it was a "blind" plea. Transcript of Guilty Plea, p. 3. A "blind" plea "is a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." *Medlock v. State*, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994).

⁴ Defendant pled guilty using someone else's name and at the time of his plea the State was unaware that he had prior convictions impacting his ability to obtain a suspended sentence.

2014 sentence, which suspended all but the first ten years of the twenty-five-year sentence. The Oklahoma Court of Criminal Appeals denied the Petition for Writ of Certiorari concluding that, because Petitioner had not raised the first issue regarding the factual basis for his plea, he waived the issue from appellate review. The Oklahoma Court of Criminal Appeals further concluded that Petitioner was not denied the effective assistance of counsel at the motion to withdraw. Finally, the Oklahoma Court of Criminal Appeals ruled that the original twenty-five-year sentence stood because the District Court of Beckham County lacked jurisdiction to modify the sentence, as it was not void.

Petitioner thereafter sought post-conviction relief from the District Court of Beckham County. He attempted to appeal that court's denial of his application for post-conviction relief, but his attempt was dismissed as untimely. He sought an appeal out of time from the District Court of Beckham County, which was denied; the Oklahoma Court of Criminal Appeals affirmed that denial on March 12, 2018.[5] Petitioner thereafter filed this action seeking habeas relief and raising four grounds: (1) that the State failed to charge a criminal offense in the indictment to which Petitioner pled guilty; (2) that he was denied the effective assistance of counsel at his plea, sentencing, and on appeal; (3) that his plea was not knowing and voluntary because he mistakenly believed he would be able to withdraw his plea if the District Court of Beckham County did not abide by the State's recommendation that part of his sentence be suspended; and (4) that his due process rights were violated by the Oklahoma Court of Criminal Appeals' Deputy Court Clerk because

---

[5] The Petition in this case was filed on February 9, 2018, while Petitioner was awaiting a decision from the Oklahoma Court of Criminal Appeals regarding his request for leave to appeal out of time.

she was unable to locate his in forma pauperis affidavit and failed to timely advise him that its absence precluded the filing of his post-conviction appeal. As a result, his post-conviction appeal was untimely.

In the Second Supplemental Report and Recommendation, Judge Purcell recommends that certain of Petitioner's claims be dismissed as procedurally barred, because either the Oklahoma Court of Criminal Appeals concluded Petitioner had waived the claim or the claim was not presented to the Oklahoma Court of Criminal Appeals on either direct appeal or in a timely filed appeal from the denial of post-conviction relief. Judge Purcell concluded that Petitioner cannot overcome the procedural bar with regard to any such claims. As to any claims addressed on the merits by the Oklahoma Court of Criminal Appeals, Judge Purcell concluded that its decision was not contrary to or an unreasonable application of clearly established federal law. The Court notes at the outset that Petitioner makes no objection regarding Judge Purcell's recommendation that Ground Four be denied. Accordingly, the Report and Recommendation is adopted in its entirety as to Petitioner's Ground Four. Although the Petition contained four grounds for relief, the Brief in Support included a lengthy conclusion whereby Petitioner identified admittedly unexhausted claims that he wished to pursue. He requested that the Court stay this action pending attempts to exhaust.[6] Thereafter he identifies several issues he wishes to pursue herein. The specific issues were not addressed in the Report and Recommendation, as noted

---

[6] Petitioner filed the Brief in Support before the Oklahoma Court of Criminal Appeals had affirmed the District Court of Beckham County's decision denying him leave to appeal out of time. Accordingly, his request in the first paragraph of the conclusion is moot, the Oklahoma Court of Criminal Appeals having now concluded that Petitioner failed to establish that he was denied an appeal through no fault of his own.

4

by Petitioner in his Objection, likely because of how Petitioner attempts to raise the claims, as will be discussed herein. *See* Doc.No. 2, p. 29, Doc.No. 30, p. 15.

Judge Purcell recommended that Petitioner's Ground One be construed as two claims, one challenging the Information and the other asserting that because of the defective Information, the trial court lacked subject matter jurisdiction over his criminal proceedings. The first of these issues was raised on direct appeal, that is, when Petitioner sought certiorari from the denial of his Motion to Withdraw Plea. The Oklahoma Court of Criminal Appeals concluded that claim was procedurally barred because Petitioner had not included the issue in his Motion to Withdraw. *See* Rule 4.2(B), Rules of the Oklahoma Court of Criminal Appeals, tit. 22, Ch. 18, App. (2018) ("No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea ...."); *Walker v. State*, 953 P.2d 354, 355 (Okla. Crim. App. 1998) (noting that under Rule 4.2(B) an appellant waives an issue by failing to raise it in his motion to withdraw a guilty plea). As a result, in the Report and Recommendation Judge Purcell concluded that Petitioner procedurally defaulted on this portion of Ground One.

On habeas review, this Court will not review a claim that has been defaulted in state court on an independent and adequate state procedural ground, unless Petitioner demonstrates either cause for the default and actual prejudice, or that a fundamental miscarriage of justice will occur if the Court does not consider the claim. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 338–339 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir.1998). "'A state procedural ground is independent if it relies on state law, rather

than federal law, as the basis for the decision.' And the ground is adequate if it has been 'applied evenhandedly in the vast majority of cases.'" *Quintana v. Hansen*, 733 F. App'x 439, 443 (10th Cir. 2018) (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)).

Judge Purcell concluded that Rule 4.2 is an independent and adequate state procedural ground for denial of his claim, and Petitioner does not object to this conclusion. Accordingly, this portion of Ground One is barred unless Petitioner can demonstrate either cause and prejudice or that a miscarriage of justice will occur if the Court does not review this issue. *Coleman v. Thompson*, 501 U.S. 722 (1991). Judge Purcell concluded that Petitioner could not establish either, a conclusion Petitioner challenges.

To show a miscarriage of justice, Petitioner must establish that the alleged error probably resulted in the conviction of an innocent person. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Although Judge Purcell concluded that Petitioner was not arguing actual innocence, (Report and Recommendation, p. 13), Petitioner disputes this characterization.

> Petitioner asserts that he is not guilty of the crime he was convicted of, and for the record he is "actually," "factually," and "legally" 100% innocent of any comments being made to A.J.W. that were made in a sexual context as alleged by the State. . . .

Doc.No. 30, p. 2. Despite Petitioner's contention that he is arguing factual innocence, he is actually relying on an argument of legal innocence, specifically that the facts he conceded during his plea did not constitute the crime of lewd proposals to a minor. *See Wood v. Lawson*, No. CIV-18-851-SLP, 2018 WL 6576418 (W.D. Okla. Oct. 17, 2018)(citing *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (noting that actual

innocence means factual innocence and that the petitioner's claim his guilty plea was involuntary did not assert actual innocence of the crime to which he pled guilty). Legal innocence, however, is not a basis for the miscarriage of justice exception.

Furthermore, even if the Court were to consider his claim to be one of factual innocence, he could not prevail. First, to establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298 (1995). This burden does not change where a Petitioner pled guilty. *See Bousley,* 523 U.S. at 623-24. Furthermore, a habeas petitioner must demonstrate his actual innocence with respect to dismissed charges as well as any charge of conviction. *Id.* at 624 (holding, in § 2255 case, that "where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges"); *see also Johnson v. Pinchak*, 392 F.3d 551, 564–65 (3d Cir.2004) (§ 2254 application). Under this standard Petitioner's claim of actual innocence falls short.

First, Petitioner is required to identify new evidence relevant to his plea, which Petitioner does not do. New evidence is "'relevant evidence that was either excluded or unavailable'" at the time of conviction. *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir.2013)(quoting *Schlup*, 513 U.S. at 327–28). Petitioner offers no discussion regarding the admissible evidence against him at the time of his conviction, and he presents no new evidence relevant to his conviction. *Bousley*, 523 U.S. at 623–24; *Schlup*, 513 U.S. at 327–28. Additionally, the State agreed to dismiss a count of lewd molestation in exchange for

7

Petitioner's plea of guilty. The Petition, however, does not address that claim or the evidence that existed in support of such claim. Thus, Petitioner has failed to establish a claim of actual innocence with regard to Ground One of the instant Petition.

Judge Purcell further concluded that Petitioner could not establish cause and prejudice so as to avoid the Oklahoma Court of Criminal Appeals' conclusion that he had defaulted on Ground One, specifically rejecting Petitioner's contention that counsel who represented him during sentencing and during plea withdrawal proceedings was constitutionally ineffective. For either standalone ineffective-assistance-of-counsel claims or in an effort to avoid a procedural default or bar, the relevant law is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Id*. at 687. To overcome the strong presumption that counsel's performance was reasonable, the defendant must show that the alleged error was not sound strategy under the circumstances. *Id*. at 689. And under the prejudice prong, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Oklahoma Court of Criminal Appeals addressed Petitioner's ineffective assistance of counsel claim as it related to sentencing/withdrawal counsel and the failure to challenge the factual basis for his plea on the merits on direct appeal, citing *Strickland. See* Doc.No. 24-2, p. 4. The court concluded Petitioner failed to establish that counsel's

8

performance was deficient or that he was prejudiced. Where, as here, the state court has ruled on the merits of an ineffective-assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. This Petitioner cannot do.

First, the Oklahoma Court of Criminal Appeals applied the correct legal standard, that is, *Strickland,* and noted that counsel unsuccessfully raised the issue twice, both times during pre-trial proceedings before the magistrate and the state district judge. "Considering the district court's previous rejection of this claim, Petitioner fails to show that his plea withdrawal counsel was ineffective in failing to re-urge this same claim in his motion to withdraw." (Doc.No. 24-2, p. 7). Second, the Oklahoma Court of Criminal Appeals assessed the merits of the issue, considering whether the facts were sufficient to find a violation of the statute, an issue entirely within its purview.

> We must defer to the Oklahoma state courts on their interpretation of Oklahoma's law. *See Burleson v. Saffle*, 278 F.3d 1136, 1144 (10th Cir. 2002); *accord Anderson-Bey v. Zavaras*, 641 F.3d 445, 448 (10th Cir. 2011) ("Even if we believe that the state courts misinterpreted state law in upholding a defendant's convictions, it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." (internal quotation marks omitted)). This rule applies with equal force to interpretations of state law "announced on direct appeal of the challenged conviction." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005).

*Heard v. Addison*, 728 F.3d 1170, 1175 (10th Cir. 2013). Accordingly, Petitioner has not established that sentencing/withdrawal counsel was constitutionally ineffective by failing to raise the issue in the Motion to Withdraw Plea, and Petitioner cannot rely on ineffective assistance of counsel to avoid application of the procedural bar with regard to Ground One.

Judge Purcell and the State also construed Ground One as attacking the subject matter jurisdiction of the trial court, premised on the allegedly deficient allegations in the Information. Respondent argued that Petitioner did not raise this argument on direct appeal or in post-conviction filings, and as a result, the claim is unexhausted. Petitioner contends he raised the issue in appealing the denial of his Motion to Withdraw. The Court notes that the brief referenced by Petitioner does not directly assert that because of deficiencies in the information the state court lacked subject matter jurisdiction.[7] To the extent Petitioner is merely relying on the argument set forth above, that is. that he is only asserting Proposition I from his direct appeal as addressed above, he is not entitled to relief for the reasons set forth above. If Petitioner is attempting to raise a new issue, his briefs to the state court did not fairly present this issue. *See Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018)(Fair presentation for purposes of exhaustion requires that the substance of the federal claim was raised in state court).

Thus, his Petition contains a mix of exhausted and unexhausted claims, which ordinarily requires that this Court "either (1) dismiss the entire petition without prejudice

---

[7] In his Application for Post-Conviction Relief Petitioner quoted Okla. Stat. tit. 21 § 8, "[t]he punishment by this chapter can be inflicted **only** upon a **legal conviction** in a court having jurisdiction." (Doc.No. 24-3, p. 6)(emphasis in original). To the extent Petitioner believes an October 28, 2016 Motion for Relief from Judgment filed in the District Court of Beckham County addressed the issue, that motion addresses the 85% rule in Okla. Stat. tit. 21 § 13.1 and whether the crime was properly charged as to carry such punishment.

in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016) (internal quotation marks omitted). However, an exception exists:

> If a federal court that is faced with a mixed petition determines that the petitioner's unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas[.]" *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991). Therefore, instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims.

*Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995). Judge Purcell concluded that the state court would apply a procedural bar if Petitioner now attempted to exhaust his contention that the District Court of Beckham County lacked subject matter jurisdiction over his claim, and thus applied an anticipatory procedural bar. Petitioner does not offer a specific objection to this conclusion. Rather, he states:

> Clearly, the reasons for the Petitioner being unable to exhaust his State court remedies have already been set forth in Petitioner's argument presented in (but not limited to) this Honorable Court, whether in Petitioner's Reply or not. Thus the Petitioner (again) refuses to [waste] this Court[']s time by argument already raised, with request of Judicial Notice being made to this Court already as well. However, above and beyond any of the Petitioner's argument concerning [subject matter] jurisdiction in any given Instrument throughout his appellate process, the Petitioner will now bring another issue to light concerning the same topic using the provision[s] of <u>U.S. v. Cotton</u>, 535 U.S. 625, 630 (2002) to do so.

Doc.No. 30, p. 7.[8] Thereafter Petitioner addresses whether he was properly sentenced pursuant to Oklahoma's 85 % rule.[9] To the extent Petitioner is attempting to expand the

---

[8] The Court presumes Petitioner is referring to his untimely attempt to appeal the denial of his application for post-conviction relief, which he blames on the Oklahoma Court of Criminal Appeals Clerk's office.
[9] In the Order Denying Petition for Writ of Certiorari, Doc. No. 24-2 at 2, the Oklahoma Court of Criminal Appeals included the following footnote:

11

scope of his § 2254 Petition, he cannot do so via the objection to the Report and Recommendation.[10] The Court declines Petitioner's request to consider the 85% percent rule in the context of his subject matter jurisdiction claim.[11] The only issue currently before the Court regarding Petitioner's contention that the state court lacked subject matter jurisdiction is whether he can overcome the anticipatory procedural bar. He does not argue that the bar is not independent or that it is inadequate.

As with the defaulted claim, Petitioner could avoid the anticipatory procedural bar by showing either cause and prejudice or a fundamental miscarriage of justice. For the reasons set forth above, Petitioner cannot rely on the fundamental miscarriage of justice exception. Petitioner does not argue that counsel, either trial/plea, or sentencing/ withdrawal, was constitutionally ineffective for failing to challenge the state court's subject matter jurisdiction, nor does he argue that appellate counsel was ineffective for raising the issue. Additionally, the Oklahoma Court of Criminal Appeals' conclusion on direct appeal that sentencing/withdrawal counsel was not constitutionally ineffective as set forth above would apply equally to this portion of Ground One. Accordingly, the Petition is denied as to both issues raised in Ground One.

Ground Two of the Petition challenges the constitutional effectiveness of counsel, addressing trial/plea, sentencing/withdrawal, and appellate counsel. Petitioner asserts he

---

Making Lewd or Indecent Proposals to a Child in violation of 21 O.S. 2011, § 1123(A)(1) is a crime subject to the 85% limit on parole eligibility set out in 21 O.S.2011 § 13.1. Petitioner acknowledged this facts during his plea proceedings. (3/12/2014) Plea Tr. 5-6; O.R. 183).

[10] Petitioner raises an issue related to the 85% provision of Oklahoma law in an ineffective assistance of counsel claim, which shall be addressed herein.

[11] In support of his arguments in the Objection, Petitioner often cites to documents filed in State court. The Petition herein forms the basis for the Court's consideration of Petitioner's claims, and thus Petitioner might have raised an issue at one point before a state court, but did not bring that issue before this Court.

was denied the effective assistance of counsel during plea proceedings because counsel Albert Hoch, Jr., created a theoretical division of loyalties by stating to the court that the crime to which Petitioner was entering a plea of guilty was governed by the 85% rule set forth in Okla. Stat. tit. 21 § 13.1. He also contends that sentencing/withdrawal counsel was ineffective because he lacked adequate time to prepare a defense and because he failed to raise the 85% rule in either the Motion to Withdraw or at the hearing on that motion. With regard to appellate counsel, Petitioner argues that she failed to raise that trial/plea counsel operated under a conflict of interest and that she failed to investigate § 13.1, the 85% rule and its inapplicability to his sentence.[12]

Petitioner raised a claim of ineffective assistance of sentencing/withdrawal counsel on direct appeal and the Oklahoma Court of Criminal Appeals denied the claim as set forth above. The remaining ineffective assistance of counsel claims were raised for the first time in the application for post-conviction relief before the District Court of Beckham County. As noted by the Report and Recommendation, that court's decision does not indicate that it considered any ineffective assistance of counsel issue. The Report and Recommendation anticipated the ineffective assistance of counsel claims directed to trial/plea and sentencing/withdrawal counsel would be procedurally barred, because Petitioner knew or

---

[12] In the Supplemental Report and Recommendation Judge Purcell noted, ". . . Petitioner did raise ineffective assistance of appellate counsel in his post-conviction application but did not complain that his counsel failed to raise these particular arguments." (Doc.No. 29, p. 27). The undersigned finds although his presentation was inartful, Petitioner did challenge appellate counsel as being ineffective for failing to raise trial counsel's conflict of interest. His brief included the following:
> "Additionally, see: *Hammon v. Ward*, 466 F.3d 919, 927-31 (10th Cir. 2006) states as follows
> "Appellate counsel's failure to assert that trial counsel operated under **"Prejudicial Conflict of Interest"** (See Ptr. Pg. #5. Lines 21-25 and pg. #6, lines 1-9) **was** ineffective assistance because the issue was **obvious** and **would have** resulted in reversal on appeal.["]

Doc.No. 24-3, p. 18 (emphasis in original).

13

should have known about the ineffective assistance of trial/plea counsel and sentencing/withdrawal counsel at the time of his direct appeal, and the failure to include the claims on direct appeal would result in waiver thereof and applied an anticipatory procedural bar.

The undersigned concludes that those ineffective assistance of counsel claims included in the Petitioner's post-conviction application were procedurally defaulted. Although Petitioner attempted to appeal the denial of his application for post-conviction relief, the court dismissed the appeal as untimely under Rule 5.2(C) of the Oklahoma Rules of the Court of Criminal Appeals. In the Order Declining Jurisdiction and dismissing the appeal, the OCCA advised Petitioner that if he felt he had been denied a post-conviction appeal through no fault of his own, he could seek relief with the District Court under Rule 2.1(E)(3). Petitioner sought leave to appeal out of time, arguing that clerk at the Oklahoma Court of Criminal Appeals failed to mail him a letter regarding his filing deficiencies until after his deadline expired.[13] (Doc.No. 24-9). Nonetheless, the district court of Beckham County rejected his arguments and denied Petitioner leave to file an untimely appeal; the Oklahoma Court of Criminal Appeals affirmed the decision.

In *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir.1998), the court determined that Rule 5.2(C) is an independent and adequate state ground sufficient to bar habeas relief,

---

[13] The Oklahoma Court of Criminal Appeals dismissed the appeal because Petitioner allegedly failed to include with his appeal either the required filing fee or a completed affidavit to proceed in forma pauperis. *See* Okla. Stat. tit. 22, Ch. 18, App. Rule 5.2(C)(2) ("If the post conviction appeal arises from a ... regular felony conviction, [it] must be filed within thirty (30) days from the date [of] the final order of the District Court ...."); *see also* Okla. Stat. tit. 22, Ch. 18, App. Rule 1.11 ("A pleading shall not be considered filed ... until such time as the filing fee is paid or an 'Affidavit in Forma Pauperis' is properly filed."). Petitioner asserts he did include the form. (The time limit set forth in Okla. Stat. tit. 22, Supp. 2018, Ch. 18, App. Rule 5.2(C)(2) was amended effective February 5, 2018, and thus is not applicable to Petitioner's appeal.)

absent a showing of cause and prejudice or, alternatively, a miscarriage of justice. Again, the miscarriage of justice exception does not apply for the reasons set forth above, leaving Petitioner's fate to the cause and prejudice standard.

Construing Petitioner's claims liberally, his contention that the Deputy Clerk of the Oklahoma Court of Criminal Appeals failed to alert him that his filings were deficient could be perceived as an effort to allege cause. The Oklahoma Court of Criminal Appeals' records indicate it received a copy of Petitioner's Petition in Error on February 28, 2017, and a letter bearing that same date informs Petitioner of his deficiencies. He contends, however, that Cynde Robertson, Deputy Clerk, did not mail the letter explaining the deficiencies until after his filing deadline had expired.[14] The cause standard requires a petitioner to "show that some objective factor external to the defense impeded ... efforts to comply with the State's procedural rule[s]." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include interference by state officials. *Id.*

Despite Petitioner's contentions, the Court finds that he cannot establish cause for his default. In denying the request for appeal out of time the District Court of Beckham County held:

> Defendant Kunis claims in his application that, "the issues (in) which caused his filing deadline to expire were no fault of his own, as it was three (3) weeks and two (2) days before the O.C.C.A.- Court Clerk put a letter in the mail to the Petition- as to why he had not received a stamp "filed" copy of his submittal (sp) to the above stated court, causing the Petitioner's Filing Deadline to expire by thirteen (13) days."
> It was defendant's obligation to correctly file his appeal. This court cannot say that the failure to timely file an appeal was at no fault of the defendant.

---
[14] He also asserts that he submitted the affidavit.

15

(Doc.No. 24-11, p. 2). The Oklahoma Court of Criminal Appeals affirmed the denial, stating "Petitioner has not established either that the District Court erred or abused its discretion, or that he was denied a post-conviction appeal through no fault of his own." (Doc.No. 24-13, p 2). The state court's determination regarding the fault for Petitioner's untimely appeal is entitled to a presumption of correctness, overcome only by a clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Webster v. Attorney General of State of Oklahoma*, 213 F. App'x 664, 668 (10th Cir. Jan. 12, 2007). Although Judge Purcell did not make a conclusion in this regard, and thus the objection does not address the issue, the undersigned has reviewed the Petition, Brief in Support, and Reply, and concludes that Petitioner cannot overcome this presumption. As with the defaulted claim above, Petitioner would be precluded from exhausting the unexhausted ineffective assistance of counsel claim if he attempted to do so in state court. Therefore, Petitioner is not entitled to habeas relief on Ground Two.

In Ground Three Petitioner argues that his guilty plea was not knowingly and voluntarily entered because be erroneously believed he could withdraw his plea if the trial court did not accept the State's recommended sentence. Although Petitioner raised this issue before the trial court in his Motion to Withdraw Plea, he did not include the issue on direct appeal. He raised the issue in his post-conviction proceedings, but as noted above, did not complete those proceedings because his appeal was deemed untimely. Accordingly, in order to proceed in this Court Petitioner would need to establish either cause and prejudice or a fundamental miscarriage of justice. Petitioner cannot do either, for the

16

reasons set forth above, and accordingly, he cannot prevail on Ground Three.

Finally, the Court considers those issues not addressed in the Report and Recommendation, as set forth in the "Conclusion" of Petitioner's Brief in Support. (Doc. No. 2, p. 40). *See* Doc.No. 30, p, 15 (stating that Report and Recommendation inadvertently overlooked the argument regarding the entry of two judgments in the underlying criminal case). Therein Petitioner "informs this Court that he is <u>unwilling to forfeit 'certain' issues/claims</u> that have been submitted to (or attempted to be submitted) [to] the state courts in instruments supporting his Appeal." Thereafter he lists six filings from Petitioner's prior mandamus action, Case No. CIV-17-567-R that he wishes to pursue, after first exhausting the claims in state court.

First, the Court declines to stay and abate these proceedings despite Petitioner's request. Mr. Kunis does not attempt to establish in either his Brief in Support or his Traverse that the claims would not be procedurally barred if he attempted to seek relief at this time.[15] In fact, of the six filings Petitioner cites, three are from his unsuccessful attempt to appeal denial of his application for post-conviction relief. (See Doc.No. 2, p. 29, items 4, 5 and 6). Item No. 2 cited on the list is the Application for Post-Conviction Relief. Petitioner failed to timely appeal and in these proceedings fails to overcome the procedural default of those claims. The Court declines to consider this portion of the Brief in Support or the objection as it relates thereto. Federal Rule of Civil Procedure 10(c) permits

---

[15] In support of this section of his brief Petitioner does not set forth his arguments. Rather, he cites the Court to various documents filed with his earlier mandamus action. Petitioner cannot incorporate by reference various documents without addressing the claims in the context of a petition for habeas relief under 28 U.S.C. § 2254. Many of the filings are exhibits rather than arguments.

incorporation by reference under limited circumstances. Specifically, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Here, however, Petitioner requests that the Court consider arguments set forth in an entirely separate action that he filed by culling through the various state court filings he appended to his Petition for Mandamus. The Court had adhered to the requirements of *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and construed Petitioner's filings more liberally than it would those of an attorney. However, the Court will not extract arguments for Plaintiff from his various filings.

Under Rule 11 of the Rules Governing Section 2254, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard by showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, the Court finds that petitioner has not satisfied this standard. The Court denies a certificate of appealability as to its ruling on petitioner's Section 2254 petition. For the reasons set forth herein, the Report and Recommendation is ADOPTED to the extent it is consistent with the above, and the Petition for Writ of Habeas Corpus is DENIED.

IT IS SO ORDERED this 5th day of February 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE